# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| Verónica Lee Barnes | Civil No. 03-2358 (SEC) |
| *Plaintiff,* |  |
| v. | DECLARATORY RELIEF; MANDAMUS; PERMANENT INJUCTIVE RELIEF; DAMAGES; BREACH OF CONTRACT; AND COLLECTION OF MONIES |
| Puerto Ven Quarry Corporation; KCIRE Corp.; Erick Rodríguez Toro, Marisol Rodríguez Centeno and the conjugal partnership existing between them; Atlante Corp.; KCIRE Investment and Development Corporation; Onitram Builders Corporation; Environmental Power of Puerto Rico, Inc., | PLAINTIFF DEMANDS JURY TRIAL |
| *Defendants,* |  |

RECEIPT # 141853
AMOUNT $150.00
DEC 2 3 2003
CASHIER SIGNATURE

## COMPLAINT

**TO THE HONORABLE COURT:**

### INTRODUCTION

1.      This is a claim for declaratory relief, mandamus or, in the alternative, injunctive relief, damages, breach of contract and collection of monies. The main defendants, Puerto Ven Quarry Corporation ("Puerto Ven"), KCIRE Corp. ("KCIRE") and Erick Rodríguez Toro ("Rodríguez"), dolusly and in bad faith violated the rights of the plaintiff, Veronica Lee Barnes ("Lee"), under the General Corporations Law of Puerto Rico ("GCL") and the Civil Code of Puerto Rico ("Civil Code") when they jointly and wrongfully refused to duly issue and register upon each of the

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 2

corporations' books a proper transfer of shares of stock offered to the plaintiff in exchange for investments made and monies paid by the plaintiff, or otherwise refused to effectuate the transfer of stock to the plaintiff. Additionally, Puerto Ven, KCIRE and Rodríguez have taken plaintiff's money, in excess of $901,312.59, under false pretenses and offers, and induced her to enter into substantial monetary obligations in violation of the GCL and the Civil Code, without recognizing the plaintiff as a stockholder in said corporations as promised. Rodríguez, stockholder of Puerto Ven and KCIRE, is personally liable in damages to the plaintiff for inducing her to invest in these two corporations to satisfy his own personal obligations and obligations of other corporations owned by him, in particular Atlante Corp. ("Atlante"), KCIRE Investment and Development Corporation ("KCIRE Investment"), Onitram Builders Corporation ("Onitram") and Environmental Power of Puerto Rico, Inc. ("Environmental Power"), under the false pretense that such investments would ultimately benefit Puerto Ven and KCIRE and, consequently, Lee.

## PARTIES

2.     The plaintiff, Veronica Lee Barnes, is a natural person of legal age, and a citizen of the state of New York.

3.     The defendant, Puerto Ven Quarry Corporation, is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal offices located in Ponce, Puerto Rico.

F:\USERS\LITIGAT\CBelaval\Puerto Ven\Complaint - Final.doc

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 3

4.     The defendant, KCIRE Corp., employer social security number 66-05-33435 or 66-0204, is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal offices located in Ponce, Puerto Rico.

5.     The defendant, Erick Rodríguez Toro, is a natural person of legal age, and a citizen of the Commonwealth of Puerto Rico.  At all relevant times alleged herein, Rodríguez was a stockholder of Puerto Ven and KCIRE.  He is sued in both his personal and official capacity.

6.     The defendant, Marisol Rodríguez Centeno ("Rodríguez Centeno"), is the wife of defendant Rodríguez, a natural person of legal age, and a citizen of the Commonwealth of Puerto Rico, and was Rodríguez' wife at all relevant times alleged herein.

7.     The defendant, Atlante Corp., is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal offices located in Ponce, Puerto Rico.  Rodríguez is its owner.

8.     The defendant, KCIRE Investment and Development Corporation, is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal offices located in Ponce, Puerto Rico. Rodríguez is its owner.

9.     The defendant, Onitram Builders Corporation, is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal offices located in Ponce, Puerto Rico. Rodríguez owns it.

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 4

10.    The defendant, Environmental Power of Puerto Rico, Inc., is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal offices located in Ponce, Puerto Rico.   Rodriguez owns it.

### JURISDICTION & VENUE

11.    This Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between plaintiff and each of the defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.   Venue is also appropriate under 28 U.S.C. § 1391, since this action is being brought in the judicial district where a substantial part of the events, acts or omissions giving rise to the claim occurred, or had or will have its effects.

### FACTS COMMON TO ALL CAUSES OF ACTION

12.    On March 23, 1999, the State Department of the Commonwealth of Puerto Rico ("State Department") issued a certificate of incorporation in favor of KCIRE for the purpose of engaging in the business of management, administration and rental of real property.

13.    On August 26, 2002, KCIRE entered into a lease agreement with the owners of a real property located in Bo. Real Hanón, Ponce, Puerto Rico, for the use, administration, operation, exploitation and maintenance of a quarry known as the Puerto Ven Quarry (the "Lease Contract").

14.    On October 29, 2002, the State Department issued a certificate of incorporation in favor of Puerto Ven Quarry Corporation, for the purpose of

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 5

operating and administrating quarries, and for the sale, distribution, hauling and delivery of aggregate products and derivatives of quarries.

    15.    Rodríguez is President of KCIRE and Puerto Ven.

### *Initial Investment by Lee*

    16.    On or around September 2002, Rodríguez, for himself and in representation of Puerto Ven and KCIRE, approached Lee with a business proposition by which Lee would initially invest $50,000.00 on Puerto Ven and KCIRE with a return on investment amounting to not less than $600.00 to $800.00 per working day (the "Investment Scheme"). The expected average return on investment was $700.00 per day.

    17.    On September 27, 2002, following Rodríguez' instructions, Lee made a wire transfer in the amount of $50,000.00 as her initial investment. The transfer was ordered by Rodríguez to be made to the account of Atlante, another corporation wholly owned by Rodríguez. As represented by Rodríguez, KCIRE would have assumed Atlante's debt of $50,000.00 to Lee and assign her the title to four hauling trucks. In turn, Lee would reassign the title of the four hauling trucks to Puerto Ven in exchange for an amount of common stock on Puerto Ven and KCIRE of approximately 45% and the expected average return on investment of $700.00 per day.

    18.    Pursuant to the initial investment proposition represented by Rodríguez, up-to-date, Lee would have earned $192,500.00 at the average rate of

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 6

$700.00 per day with the use of the four trucks, which profits would have been transferred to Lee.

19.   The initial investment, part of Rodríguez, Puerto Ven and KCIRE's Investment Scheme, has caused Lee a loss of $242,500.00, loss which continues to increase at the average rate of $700.00 per day, since Lee has neither received any monies as return on her investment nor the equivalent in shares of stock promised.

### Additional Capital Investments by Lee

20.   On May 22, 2003, Rodríguez wrote a letter to Lee reiterating that Lee's $50,000.00 initial investment would afford her the right to forty five percent (45%) of the common stock of the Puerto Ven business venture.  As requested therein by Rodríguez, Lee had to invest an additional $100,000.00 for working capital for the quarry, which would be used primarily as deposit and installation costs of a needed processing plant that Puerto Ven would acquire from R.C.S. Equipment, Inc. ("RCS Equipment"), a third party vendor.

21.   Rodríguez valued his initial personal investment in Puerto Ven as "Development and Investment Cost" at $150,000.00 and promised to invest within the next forty five days an amount for working capital equal to the $100,000.00 to be invested by Lee for such purpose.

22.   In compliance with her assigned and assumed obligations under the Investment Scheme and following Rodríguez' instructions, Lee made the following wire transfers:

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 7

    a. On May 23, 2003, Lee transferred $25,000.00 to RCS Equipment as a deposit for the processing plant.

    b. On June 9, 2003, Lee transferred $26,400.00 to Puerto Ven, allegedly for working capital to repair heavy equipment of the corporation.

    c. On June 19, 2003, Lee transferred $35,000.00 to Puerto Ven for working capital.

23. In addition, following Rodríguez' demands, Lee obtained a line of credit in her personal capacity in the amount of $85,000.00 for the benefit of Puerto Ven and KCIRE. The $85,000.00 line of credit was used to fund Puerto Ven's Euro Bank account as follows:

    a. $50,000.00 on July 30, 2003

    b. $35,000.00 on October 10, 2003

24. Thus, instead of the $100,000.00 for working capital, the additional capital investments made by Lee, induced by Rodríguez, Puerto Ven and KCIRE's Investment Scheme, amounted to $ 171,400.00. Lee has neither received any monies in return for this investment nor the equivalent in shares of stock promised.

*<u>Substantial Monetary Obligations Incurred by Lee</u>*

25. On November 13, 2003, Lee and Rodríguez, in their personal capacities, executed a contract with Faustino Quiñonez Pita to acquire certain heavy equipment for the Puerto Ven Quarry (the "Pita Contract"). As indicated in the Pita Contract, Rodríguez, and Lee would be jointly and severally liable for the following disbursements:

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 8

| | | |
|---|---|---|
| a. | On November 28, 2003 | $50,000.00 |
| b. | On March 31, 2004 | 25,000.00 |
| c. | On May 31, 2004 | 25,000.00 |
| d. | On June 30, 2004 | 25,000.00 |
| e. | On July 30, 2004 | 25,000.00 |
| f. | On August 31, 2004 | 50,000.00 |
| | Total | $200,000.00 |

26.   In addition, the Pita Contract prescribes that Rodríguez and Lee would also be jointly and severally responsible for making the following monthly payments:

| | | |
|---|---|---|
| a. | December 22, 2003 | $13,500.00 |
| b. | January 22, 2003 | 13,500.00 |
| c. | February 22, 2003 | 13,500.00 |
| d. | March 22, 2003 | 13,500.00 |
| e. | April 22, 2003 | 13,500.00 |
| f. | May 22, 2003 | 13,500.00 |
| g. | June 22, 2003 | 13,500.00 |
| | Total | $ 94,500.00 |

27.   On or around December 5, 2003, Lee also paid $42,000.00 as an advance deposit to Texas Tractor Services ("Texas Tractor") for the purchase of heavy machinery to be used by Puerto Ven.  As agreed upon by Puerto Ven and Texas Tractor, if the purchase price is not received as provided in Texas Tractor's Bill of Sale, Texas Tractor will forever retain the $42,000.00 advanced by Lee as liquidated damages for breach thereof and any and all duty by Texas Tractor to sell the equipment will terminate.

28.   Lee has also spent $25,085.59 on her VISA credit card, plus the corresponding prorated interests, for payment of diesel and miscellaneous expenses of Puerto Ven.

29.    In addition, Lee has provided a guarantee in her personal capacity over a vehicle leased by Puerto Ven, a 2004 Porsche Cayenne, amounting to $82,764.00 over the life of the lease.

30.    In sum, as induced by of Rodríguez, Puerto Ven and KCIRE's Investment Scheme, Lee has incurred in personal obligations with third parties in amounts exceeding $444,349.59.  Lee has neither received any monies in return for this investment nor the equivalent in shares of stock promised.

### *Salaries, Car Allowances and other Misallocation of Funds by Rodríguez*

31.    Rodríguez withdrew amounts disguised as "salary" and other compensations at the expense of Lee's investment in Puerto Ven and KCIRE. Lee has not received any such compensations.

32.    Rodríguez has withdrawn in excess $18,000.00 disguised as "salary" to pay-off part of his numerous personal debts or debts owed by other corporations he owns in detriment of Puerto Ven, KCIRE and, consequently, Lee.

33.    Rodríguez has withdrawn at least $10,649.00 in "car allowance", in detriment of the financial  interests of Puerto Ven, KCIRE and, consequently, Lee.

34.    Rodríguez improperly transferred a total of $14,414.00 of Puerto Ven's monies to Atlante, a corporation he owns.

35.    As of this date, Rodriguez has withdrawn as "salary", "car allowance" and other types of compensation in excess of $43,063.00 to pay personal debts and debts of corporations he owns.  This has damaged Puerto Ven, KCIRE and, consequently, Lee by, at least, the same amount.

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 10

### Rodríguez, Puerto Ven and KCIRE's Acts and Omissions

36.     After Lee made capital contributions and incurred in personal obligations with third parties for the benefit of Rodríguez, Puerto Ven and KCIRE, Puerto Ven, KCIRE and Rodríguez wrongfully and deceitfully denied her rights and privileges as a stockholder of Puerto Ven and KCIRE, as promised by Rodríguez.

37.     On November 18 and 19, 2003, Rodríguez and Lee, in the presence of Emilio Alvarez, Rafael Enriquez Torres Torres, Olga Soler Bonnin, William Almodovar and Luis Crespo, negotiated at least fifty percent (50%) of stock ownership in Puerto Ven and KCIRE between them in exchange and in consideration for the contributions made by Lee.

38.     Because a resulting impasse in further negotiations, on November 20, 2003, in the presence of Emilio Alvarez and Rafael Enriquez Torres Torres, Lee requested at least fifty-one percent (51%) controlling interest of stock ownership in Puerto Ven and KCIRE in exchange for all the contributions made by Lee, both in terms of money and effort contributions.     Lee and Rodriguez, however, would share the corporations' profits fifty-fifty.

39.     Rodríguez, during the course of these negotiations, represented to Lee that he had many other persons willing to invest in Puerto Ven and KCIRE that would be more than happy to buy Lee's participation.  Yet he had chosen Lee, who reasonably relied on Rodriguez' false representations.  Lee was induced to participate in the Investment Scheme and is entitled to at least fifty-one percent

(51%) of the stock in Puerto Ven and KCIRE, and possibly more, depending on the actual proportionate amount invested by Lee and Rodríguez.

40.   Puerto Ven, KCIRE and Rodríguez never issued or caused Lee's stock certificates of ownership to be issued. Instead, Rodríguez excluded or attempted to exclude Lee from the day-to-day operations of Puerto Ven and KCIRE and misrepresented to Lee both companies' financial condition and liabilities with their vendors, as well as the status of government permits required to operate the Puerto Ven Quarry.

41.   Puerto Ven, KCIRE and Rodríguez took advantage of the funds invested by Lee for purposes other than those represented in the Investment Scheme.   Rodríguez, contrary to his representations, did not invest the $100,000.00 in working capital in Puerto Ven to match Lee's capital investments as promised, thus making Lee a bigger capital investor in the Puerto Ven venture.

42.   This and other actions taken by Puerto Ven, KCIRE and Rodríguez constitute a failure to comply with the Investment Scheme.   Rodríguez' lack of diligence and good faith interfered with Lee's ability to perform her obligations as stockholder and compromised her position with creditors, in her personal and corporate capacity.   The actions also denied her the rights and privileges attached to ownership of corporate stock in Puerto Ven and KCIRE.

43.   Rodríguez purposely, intentionally and in bad faith, or with gross negligence, induced Lee to enter into the Investment Scheme to finance his own livelihood and personal expenses, to her detriment and in detriment of Puerto Ven

and KCIRE's solvency.  It also served as a vehicle to finance debts and obligations of Rodriguez' other corporations, --namely, Atlante, KCIRE Investment, Onitram, and Environmental Power.

44.    Based on Rodríguez course of conduct and misrepresentations, Lee has suffered monetary damages, economic losses and deep emotional distress.

45.    Puerto Ven, KCIRE and Rodríguez have failed to issue stock certificates to Lee equivalent to the money and time effort invested by her in Puerto Ven and KCIRE, or to pay Lee the equivalent in money invested and put at risk, at this time estimated at $901,312.59, plus interest, increasing at least by $700.00 per day.  Defendants' non-compliance with their obligations has caused --and will continue to cause-- severe harm and serious damages to Lee for which all of the defendants are jointly and severally liable to her.

## COUNT ONE
## DECLARATORY JUDGMENT

46.    Lee incorporates the allegations of paragraphs 1 through 45.

47.    Lee is entitled to obtain at least a fifty-one percent (51%) common stock controlling interest of Puerto Ven and KCIRE in exchange for the monies Lee advanced for the benefit of the Puerto Ven Quarry.

48.    Under the GCL no transfer of corporate stock is valid until registered in the books of the corporation.

49.    If Lee is not declared a stockholder, Rodríguez will continue to deprive her of the profits of the Puerto Ven Quarry, which she would have shared at fifty percent (50%), had it not been for Rodríguez, Puerto Ven and KCIRE's illegal

conduct. Unless Lee is declared a stockholder of Puerto Ven and KCIRE, Lee will loose all of the monies she has spent in the Investment Scheme.

50.   Lee is entitled at least to 51% common stock interest on shares to be issued by Puerto Ven and KCIRE and recognition of a legal title thereof, and possibly more in view of the unequal share of monies invested by Rodríguez in Puerto Ven and KCIRE. Lee demands a declaratory judgment in this respect as provided under 28 U.S.C. § 2201.

## COUNT TWO
## MANDAMUS

51.   Lee incorporates the allegations of paragraphs 1 through 50.

52.   Puerto Ven and KCIRE, as issuing corporations, have a ministerial duty under the GCL to duly issue and register upon their books a proper transfer of shares of stock or otherwise effectuate the transfer of stock to Lee.  Lee's right and Puerto Ven and KCIRE's duty exist as a matter of law, rather than by contract, under Article 5.11 of GCL, 14 P.R. Laws Ann. § 2771.

53.   Rodríguez, as an officer of Puerto Ven and KCIRE, has no legal right to refuse to issue and transfer stock upon their corporate books to Lee as a bona fide purchaser for value.

54.   Puerto Ven and KCIRE may not exercise any discretion in issuing and registering upon their books a proper transfer of shares of stock or otherwise effectuate the transfer of stock to Lee.  Lee has a clear legal right to request that Puerto Ven and KCIRE be ordered to issue and register upon their corporate books

a proper transfer of shares of stock, and effectuate the transfer of stock in Lee's favor.

55.     No other remedy in law or equity is adequate to compensate Lee for Puerto Ven and KCIRE's refusal to recognize her rights as a stockholder.   The ownership of such stock is indispensable and provides privileges and advantages such as the right to take part in the corporations' governance and to participate in their operations and decision making process.   This governance and participation in the decision making process becomes of extreme importance when Rodríguez seriously impaired Puerto Ven and KCIRE's solvency and their ability to meet financial obligations under the Lease Contract, the Pita Contract and other contracts with vendors and suppliers.

56.     There is no fair and just means of computing the actual monetary damage that Lee would suffer if she were deprived of the stock issuance, registration and transfer of Puerto Ven and KCIRE's common stock. Consequently, Lee demands that Rodríguez, KCIRE and Puerto Ven, pursuant to 32 P.R. Laws. Ann. § 3421, *et seq.*, be ordered by Mandamus to issue in Lee's favor the equivalent of at least fifty-one percent (51%) of common stock shares of Puerto Ven and KCIRE and that it be duly registered in the corporations' books.

**COUNT THREE**
**INJUNCTIVE RELIEF**

57.     Lee incorporates the allegations of paragraphs 1 through 56.

58.     In the alternative, should this Honorable Court find that a mandamus is not the appropriate remedy to compel Puerto Ven and KCIRE to issue and

transfer the corporate stock to which Lee is entitled as good faith investor or purchaser for value, Lee requests permanent injunction for this purpose, under this Honorable Court's equitable powers. See <u>Grupo Mexicano de Desarrollo v. Alliance Bond Fund</u>, 527 U.S. 308 (1999) ("[T]he substantive prerequisite for obtaining an equitable remedy as well as the general availability of injunctive relief are not altered by [Rule 65] and depend on traditional principles of equity jurisdiction").

59.    Puerto Ven and KCIRE, as issuing corporations, have a duty under the GCL to duly issue and register upon their books a proper transfer of shares of stock or otherwise effectuate the transfer of stock to Lee.

60.    Rodríguez, as an officer of Puerto Ven and KCIRE, has no legal right to refuse to issue and transfer stock to Lee as a bona fide investor or purchaser for value.

61.    Lee possesses a clear legal right to request that Puerto Ven and KCIRE issue and register in their corporate books a proper transfer of shares of stock or otherwise effectuate the transfer of stock of at least fifty-one percent (51%) of common stock in Lee's favor.

62.    As a direct result of Puerto Ven and KCIRE's actions and inactions, Lee has been deprived of the profits she would have otherwise shared from the operations of the Puerto Ven Quarry.  In addition, Lee has incurred in substantial losses and expenses in participating in the Investment Scheme posed by Rodríguez, in which she entered in good faith.

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 16

63.    Given Puerto Ven and KCIRE's precarious financial position created as a result of Rodríguez' misallocation of monies to his personal advantage or to the advantage of other corporations owned by him, the denial of an injunctive relief would cause an irreparable harm to Lee.  Therefore, unless Lee is declared a stockholder of Puerto Ven and KCIRE and their corporate stock be issued and transferred to her, Lee would be unable to recover the amounts invested and will stand to loose thousands of additional monies.  Lee demands injunctive relief in this respect as provided under 32 P.R. Laws Ann. 3521 *et seq.*, Rule 57 of the Puerto Rico Rules of Civil Procedure and Grupo Mexicano de Desarrollo, supra.

64.    Because Puerto Ven and KCIRE, received substantial capital investments from Lee, the issuance and transfer of corporate stock to Lee, ordered by injunction, will not result in any harm to the corporations or to Rodriguez.

### COUNT THREE
### BREACH OF CONTRACT AND DAMAGES
### AGAINST PUERTO VEN AND KCIRE

65.    Lee incorporates the allegations of paragraphs 1 through 64.

66.    Rodríguez, personally and in representation of Puerto Ven and KCIRE, dolusly concocted an Investment Scheme, which he negotiated in bad faith and never intended to comply.

67.    Rodríguez, personally and in representation of Puerto Ven and KCIRE, misrepresented to Lee Puerto Ven and KCIRE's financial status with their vendors and the government permits required to operate the Puerto Ven Quarry.

68.    Puerto Ven and KCIRE in bad faith denied Lee a bona fide or genuine opportunity as an informed investor in the Puerto Ven Quarry, on account of Rodríguez' misrepresentations.

69.    Rodríguez, Puerto Ven and KCIRE's decision to reject Lee's standing as a stockholder constitutes an unlawful and illegal exercise of their contractual and statutory obligations.

70.    Lee has performed and exceeded all of her obligations under the Investment Scheme.

71.    As a direct result of Puerto Ven and KCIRE's acts and omissions, Lee has been deprived of the profits she would otherwise have shared in the operations of the Puerto Ven Quarry and has incurred in substantial expenses and losses in participating in the Investment Scheme posed by Rodríguez, in which she engaged in good faith, as follows:

   a. $242,500.00 initial investment and loss profits, increasing at an average rate of $700.00 per day;

   b. $171,400.00 additional capital invested by Lee;

   c. $444,349.59 personal obligations with third party vendors incurred by Lee; and,

   d. $43,063.00 advances by Rodriguez disguised as "salary", "car allowance" and other misallocation of funds.

72.    In sum, Rodríguez, Puerto Ven and KCIRE must compensate Lee for the injury she has suffered as a result of their breach, in the amount of $901.312.59, which amount increases by $700.00 per day, plus interest.   Lee demands judgment in this respect.

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 18

73.    In addition, Rodríguez, Puerto Ven and KCIRE's actions have directly inflicted serious harm upon Lee's good name, business reputation and her emotional state, including, but not limited to, the following: emotional distress, mental anguish, loss of sleep, intolerable stress and deep anxiety.   These damages are estimated at least in $200,000.00.  Lee demands judgment in this respect.

### COUNT FOUR
### PIERCING THE CORPORATE VEIL
### OF PUERTO VEN AND KCIRE

74.    Lee incorporates the allegations of paragraphs 1 through 73.

75.    In the event that Puerto Ven and KCIRE are financially unable to pay the damages alleged herein, Lee requests that this Honorable Court pierce the corporate veil of Puerto Ven and KCIRE, given that these two corporations constitute an alter ego or business conduit of Rodríguez.

76.    Because of Rodríguez' misrepresentations and misallocation of corporate monies to his personal advantage and to the advantage of other corporations owned by him, Puerto Ven and KCIRE find themselves in a precarious financial position which prevents Lee from collecting the monies advanced and the damages alleged herein.  Therefore, piercing the corporate veil is necessary to prevent a fraud or an illegal purpose or to prevent a clear injustice or wrong.

77.    Puerto Ven has not issued shares, does not have a corporate ledger, does not have accounting books, does not hold meetings for directors and stockholders, has a corporate bank account but issues corporate checks to pay for

personal expenses of Rodríguez, does not file tax returns with the Treasury Department, is not in good standing with the Department of State, and does not pay municipal franchises. These facts suffice to pierce its corporate veil and Lee so demands by judgment.

78.     KCIRE does not hold meetings for directors and stockholders, issues corporate checks to pay for personal expenses of Rodríguez, does not file tax returns with the Treasury Department, is not in good standing with the Department of State, and does not pay municipal franchises. These facts suffice to pierce its corporate veil and Lee so demands by judgment.

79.     Rodriguez' conduct of Puerto Ven and KCIRE's corporate affairs allows for piercing of their corporate veil, thus making Rodriguez liable to Lee for each and every liability these corporations have towards Lee. Judgment is demanded in this respect.

## COUNT FIVE
### BREACH OF CONTRACT AND DAMAGES
### AGAINST RODRÍGUEZ, RODRIGEZ CENTENO AND
### THE CONJUGAL PARTNERSHIP EXISTING BETWEEN THEM

80.     Lee incorporates the allegations of paragraphs 1 through 79.

81.     Rodríguez made false representations to Lee.

82.     Lee reasonably relied on Rodríguez' false representations and was induced to participate in the Investment Scheme. Rodríguez' invitations to invest, and his multiple assurances, in addition to his misrepresentations, induced Lee to participate in an Investment Scheme, in which she would have opportunities as a stockholder, director and officer of KCIRE and Puerto Ven.

*Complaint*
*Veronica Lee v. Puerto Ven Quarry...*
Page 20

83.    Rodríguez purposefully, intentionally and dolusly induced Lee to enter into an Investment Scheme for the sole purpose of financing his own livelihood and personal expenses, in detriment of Puerto Ven and KCIRE's solvency and to the detriment of Lee.

84.    As a direct result of Rodríguez' acts and omissions, Lee has been deprived of the profits she would have otherwise shared and has incurred substantial expenses and loss in opportunity investments, as follows:

   a.  $242,500.00 initial investment and loss profits, increasing at an average rate of $700.00 per day;

   b.  $171,400.00 additional capital invested by Lee;

   c.  $444,349.59 personal obligations with third party vendors incurred by Lee; and

   d.  $43,063.00 advances by Rodriguez disguised as "salary", "car allowance" and other misallocation of funds.

85.    Rodríguez actions have directly inflicted serious harm upon Lee's finances, good name, business reputation and her emotional state, including, but not limited to, the following: emotional distress, mental anguish, loss of sleep, intolerable stress and deep anxiety.   These damages are estimated at least in $200,000.00.

86.    At all relevant times alleged herein, the Conjugal Partnership composed between Rodríguez and Rodríguez Centeno, and the latter herself, benefited from Rodríguez' acts and omissions.  Thus, Rodríguez Centeno and the Conjugal Partnership are jointly and severally liable with Rodríguez for the

damages caused, totaling $1,101,312.59, which amount increases at an average of $700.00 per day, plus interest.

## COUNT SIX
### DAMAGES AGAINST ATLANTE, KCIRE INVESTMENT, ONITRAM, AND ENVIRONMENTAL POWER

87.   Lee incorporates the allegations of paragraphs 1 through 86.

88.   Rodríguez used the monies invested by Lee and the profits of Puerto Ven and KCIRE to satisfy the financial obligations of Atlante, KCIRE Investment, Onitram, and Environmental Power, under the false pretence that such payments would ultimately benefit Puerto Ven, KCIRE and, consequently, Lee.

89.   With monies funded by Lee's investments in Puerto Ven and KCIRE, Rodríguez compensated his salary as director and official of Atlante, KCIRE Investment, Onitram, and Environmental Power, or otherwise paid their obligations.   Alternatively, Rodríguez misallocated Lee's investments in said corporations.

90.   This misallocation of funds has caused and continues to cause damages to Lee in her personal and corporate capacity.

91.   As a direct result of these actions, Puerto Ven, KCIRE and Lee, in her corporate and personal capacity, have suffered damages amounting to at least $100,000.00, plus interests, which amount must be reimbursed to Lee.   Judgment is demanded in this respect.

## DEMAND FOR RELIEF

Wherefore, Lee demands that the Court enter judgment on all of her claims and grant the following:

(a)     judgment in the nature of a declaratory relief establishing that Lee is entitled to at least fifty-one percent (51%) of the common stock issued by Puerto Ven and KCIRE;

(b)     judgment in the nature of a mandamus, ordering Puerto Ven and KCIRE to issue and register a stock transfer upon their books, or to take some other appropriate step to dully effectuate the transfer of the stock to Lee;

(c)     in the alternative, judgment in the nature of a permanent injunction, ordering Puerto Ven and KCIRE to issue and register a stock transfer upon their books, or to take some other appropriate step to dully effectuate the transfer of the stock to Lee;

(d)     judgment requiring Puerto Ven and KCIRE to issue in Lee's favor additional stock equivalent to the excess of the fifty percent (50%) negotiated by Rodríguez and Lee in the Investment Scheme, proportionate to Lee's capital investment over Rodríguez' investments;

(e)     in the alternative, hold Rodríguez, Puerto Ven and KCIRE liable for such economic damages suffered by Lee by reason of their wrongful acts estimated at $901,312.59, which amount increases at least by $700.00 per day, plus interest;

(f)     judgment for damages in the amount of the harm upon Lee's good name, business reputation and her emotional state estimated in excess of $200,000.00;

(g)     judgment for damages against Atlante, KCIRE Investment, Onitram, and Environmental Power, in excess of $100,000.00.

(h)     the award of Lee's costs, interest, and reasonable attorney's fee; and

(i)     the award of such other relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Lee demands a trial by jury on all issues so triable.

In San Juan, Puerto Rico, this 22 day of December, 2003.


**MARTINEZ, ODELL  & CALABRIA**
P.O. Box 190998
San Juan, Puerto Rico 00919-0998
Tel.: (787)753-8914
Fax: (787)764-5664/5614

By: _____
**HUMBERTO GUZMÁN-RODRÍGUEZ**
USDCPR NO. 128308

By: _____
**CRISTINA S. BELAVAL-BURGER**
USDCPR NO. 219809